# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09CV-P674-S

**JASON COFFEY**                                                                                      **PLAINTIFF**

**v.**

**KENTUCKY STATE REFORMATORY *et al.***                                **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court for screening of the *pro se* amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will allow part of Plaintiff's claims to proceed for further development and dismiss the remaining claims.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated at the Luther Luckett Correctional Complex. He files suit against Kentucky State Reformatory (KSR), UK Research Foundation, Department of Corrections (DOC), Correctcare-Integrated Health, Inc., and Pauline Kuhbander.[1]

In his first claim, Plaintiff alleges that the roof of Dorm 1 of KSR leaks and that Dorm 1, Dorm 11, and several others at KSR have mold issues. He states that the leaks and mold are a "health hazzard for the Inmates" and that "the administration is using 'lack of funds' as a excuse to avoid making proper repairs." He states that in Dorm 11, "a section of the wall has been

---

[1] On the second page of the complaint form, Plaintiff also lists as defendants Larry Chandler and David Donahue. According to Rule 10(a) of the Federal Rules of Civil Procedure, however, "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint **must name all parties**; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." (emphasis added). Because Chandler and Donahue are not listed in the caption of the complaint, those individuals are not properly named defendants and are not parties to this action.

removed due to the mold problem. And no inmates can be house there the only covering for the cut out section is a large sheet of black plastic." He asserts that this is a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause.

In his second claim, Plaintiff claims that from October 2007 to May 2009 he was under the care of Defendant ARNP Kuhbander. He claims that, "[d]espite the fact I have medical records plus a MRI that shows I have a herniated disk. I have been turned down to see a back specialist and refused pain medication that works for my pain." He states that his back pain has gotten progressively worse and that he now has to walk with a cane. He states that, "Correctcare-Integrated Health, Inc. whom Pauline [Kuhbander] works for is contracted through UK Research Foundation which is also responsible for medical and dental treatment for prisoners . . . and the UK Research Foundation is contracted by the Department of Corrections for medical and dental for prisoners." Futher, he asserts that "by leaving me in constant pain and not prescribing proper pain medication or being able to see a back specialist that can properly diagnos my problem," his Eighth Amendment rights are being violated. He also states that he now resides at Luther Luckett Correctional Complex and "medical still is a ongoing problem with Correctcare -(delayed medical treatment)."

As relief, Plaintiff seeks $1,000,000 in compensatory damages, $1,000,000 in punitive damages, and injunctive relief in the form of "making Correctcare send me to a back doctor."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

### A. KSR, DOC, and official-capacity claim against Kuhbander

The Court will dismiss Plaintiff's claims against KSR and DOC and his official-capacity claim against Defendant Kuhbander on two bases. First, a state, its agencies[2], and its officials are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*,

---

[2]DOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

3

491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, KSR, DOC, and state officials sued in their official capacities for damages are absolutely immune from liability under the Eleventh Amendment.[3] *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). Accordingly, Plaintiff's claims against KSR and DOC and his official-capacity claim against Defendant Kuhbander will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

**B.     UK Research Foundation**

Plaintiff's claim against UK Research Foundation apparently is based on its contract with DOC to provide medical and dental treatment for prisoners. He alleges no direct involvement by the UK Research Foundation in the denial of medical care. To the extent Plaintiff seeks to hold UK Research Foundation liable based on any supervisory authority, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978);

---

[3]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

4

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Here, Plaintiff fails to demonstrate any facts showing that UK Research Foundation encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Accordingly, Plaintiff's claims against it must be dismissed for failure to state a claim upon which relief may be granted.

**C.      Kuhbander and Correctcare-Integrated Health, Inc.**

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837-38. Upon review, the Court will

allow Plaintiff's Eighth Amendment claims under 42 U.S.C. § 1983 in connection with the alleged denial of medical care to proceed against Defendant Correctcare-Integrated Health, Inc. and against Defendant Kuhbander in her individual capacity.

The Court will enter a separate Scheduling Order governing the development of the claims which will be permitted to proceed and will enter a separate Order dismissing all other claims.

Date: March 1, 2010

**Charles R. Simpson III, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4411.010